## SHEPARD v. WHETSTONE.

1. **Promissory Note**: ALTERATION: INNOCENT HOLDER. Where a note has been altered and then restored to its original form, in which condition it passes into the hands of an innocent holder for value, the fact of the alteration will not in such case render it invalid.

*Appeal from Fremont Circuit Court.*

SATURDAY, JUNE 14.

ACTION upon a promissory note executed by the defendant and one Wood, and made payable to the order of one Ward, and by him indorsed to the plaintiff for value before maturity. The defendant, while appearing upon the note as principal, was, in fact, surety. After the execution of the note, and while it was in the hands of Ward, it was materially altered by Ward's consent, and afterward and while the note was still in the hands of Ward the alteration was erased and the note was restored to its original form. The defendant claims that the note is invalid. There was a judgment for the plaintiff. Defendant appeals.

*C. H. & W. S. Wynn,* for appellant.

*Stow & Hammond,* for appellee.

ADAMS, J.—The note was executed by the use of a printed form, which form was in these words:

"———— after date I promise to pay to the order of ———— ———— dollars, at ————; value received."

After the word "at" was a blank left, evidently, for the insertion of the name of the place where the note should be made payable. The alteration consisted in filling this blank with the words "ten per cent interest from date," no rate having been specified at the time of its execution. This alteration, if it had been allowed to remain, was certainly

sufficient to invalidate the note in the hands of the payee. The question presented is as to whether the fact that the words constituting the alteration were erased, and the note transferred to the plaintiff is sufficient to enable him to recover notwithstanding the alteration. Where the note is restored, as in this case, to its original form it expresses the precise contract which the parties entered into, and the objection, if any, to enforcing such contract must rest upon grounds of public policy, and not upon the necessity of protecting the maker in the individual case. That there is upon grounds of public policy a valid objection to enforcing, under some circumstances, a contract which has been altered, notwithstanding its restoration, seems to be well settled. This is so where the alteration was made with intent to defraud, and the instrument remains in the hands of the person making the alteration. Perhaps, indeed, it should be so held in the absence of any intent to defraud. *Hall's Adm'x v. McHenry,* 19 Iowa, 523. See, however, 2 Parsons on Notes and Bills, 270. But conceding that the importance of discouraging the alteration of instruments is such that a court is justified in declaring invalid an instrument which has been altered, and which remains in the hands of the person who made the alteration, notwithstanding the restoration of the instrument, it is evident that it should not be held invalid in the hands of an innocent purchaser for value. The punishment of an innocent person for an act done by another has no tendency to subserve the public interest or promote the public security.

That the plaintiff is a purchaser for value is not denied. Whether he purchased with notice that the instrument had been altered admits of some question. He had notice, of course, of what appears upon the face of the instrument, and it is insisted by the defendant that the instrument reveals an erasure, in proof of which the instrument itself has been submitted to our inspection. There does appear manifestly an erasure. But an erasure is not necessarily an alteration. It is so only when made subsequent to delivery. Now, while

Shepard v. Whetstone.

the erasure was in fact made subsequent to delivery, we see nothing upon the face of it to indicate that it was not made before. This, to be sure, is denied by the defendant. He insists that the words erased appear to have been written with different ink from that used in the other written parts of the instrument. A very close inspection would possibly reveal that they were; but even if so we think the fact such that it would ordinarily have escaped the observation of the most prudent person. All that can be said, then, is that certain words appear to have been erased. Whether it should have been inferred that the words were erased subsequent to delivery would depend much upon what would be the reasonable inference as to what the words were. The blank was left for the name of the place at which the note should be made payable. This blank was filled with certain words which were afterward erased. This was all that the plaintiff could see. The reasonable inference was that the note, as first drawn, was made payable at a particular place, and afterward by erasure was made payable generally. We see nothing in this to indicate that the erasure was not made before delivery. But the defendant insists that, conceding that such was the reasonable inference, there was enough in the mere fact of erasure to put the plaintiff upon inquiry. But this doctrine, in our opinion, has no application. A person is put upon inquiry only when he has reason to apprehend that the claim which he is about to acquire will conflict with another person's substantial rights. But the instrument in this case cannot, as we have seen, be declared invalid upon the ground that the defendant's just protection requires it, the contract expressed by it being precisely the contract which he entered into. In our opinion the plaintiff may be regarded as purchasing without notice of the alteration, and we see nothing in the demands of public policy which would require that a loss should be imposed upon him, and the defendant be allowed to escape a just liability.

AFFIRMED.